IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

       Respondent,

V.                                                  CRIMINAL NO. 3:94-00083-01
                                                   (CIVIL ACTION NO. 3:06-0047)

RYAN NEWSOME,

       Movant.

**<u>FINDINGS AND RECOMMENDATION</u>**

Following a jury trial in March of 1995, Ryan Newsome was convicted of conspiring to distribute and distributing cocaine base and sentenced to a term of imprisonment of 292 months to be followed by five years on supervised release. His conviction and sentence were affirmed on appeal. United States v. Newsome, No. 95-5500, 1996 WL 228619 (4th Cir. April 29, 1996). On August 14, 1996, Newsome filed a motion under the provisions of 28 U.S.C. §2255 seeking to have his conviction and sentence set aside on grounds that counsel representing him was ineffective. Relief was denied by judgment order entered July 21, 1997, and a subsequent appeal was dismissed by the court of appeals in May of 1998. United States v. Newsome, No. 97-7536, 1998 WL 252721 (4th Cir. May 14, 1998). On January 19, 2006, Newsome filed a second §2255 motion asserting entitlement to relief based on the Court's decision in United States v. Booker, 543 U.S. 220 (2005). Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in the case

that the movant is not entitled to relief,"[1] dismissal without requiring a response from the United States is appropriate.

Among the changes made to 28 U.S.C. §2255 by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996), are those imposing stringent limitations on the filing of successive §2255 motions. Specifically, §2255 now requires that a second or successive motion "be certified as provided in section 2244 by a panel of the appropriate court of appeals," and section 2244 requires, inter alia, that an applicant "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before a second application is filed in the district court. 28 U.S.C. §2244(b)(3)(A). In the absence of "pre-filing authorization" by, in this case, the Court of Appeals for the Fourth Circuit, this Court is without jurisdiction to consider a successive motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). [2] Movant has made no showing that he has filed an appropriate motion with the court of appeals seeking permission to file a successive §2255 motion, and it is apparent that he has not. This Court, accordingly, lacks jurisdiction to consider his §2255 motion.

---

[1] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

[2] It should also be noted that the Court of Appeals for the Fourth Circuit has determined that "Booker does not apply retroactively to cases on collateral review." United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005). Thus, Newsome's motion, even if not successive, provides no basis for relief.

## **RECOMMENDATION**

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the §2255 motion filed by Ryan Newsome be dismissed with prejudice.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: May 5, 2006

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE